Marko **DUROVIC**, an individual, et al., Plaintiffs,

v.

Elliott **RICHARDSON**, Secretary of Health, Education, and Welfare and Charles C. Edwards, Commissioner of Food and Drugs, Defendants.

No. 69 C 32.

United States District Court, N. D. Illinois, E. D.

May 18, 1971.

James L. Griffin and John F. Sembower, Chicago, Ill., Solomon H. Friend, New York City, for plaintiffs.

William J. Bauer, U. S. Atty., and J. C. Murray, Asst. U. S. Atty., Chicago, Ill., William W. Goodrich, Asst. General Counsel, and Jeffrey Springer, Atty., Food, Drug and Environmental Division of HEW, for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### FINDINGS OF FACT

PERRY, District Judge.

1. Plaintiffs filed a Complaint for Declaratory Judgment pursuant to Title 28, United States Code, Sections 1337 and 2201 seeking to have this Court determine that their drug Krebiozen is not a new drug within the meaning of the Federal Food, Drug, and Cosmetic Act and is exempt from complying with the new drug provisions of the Act by virtue of the grandfather clause, section 107(c) (4) of the Drug Amendments of 1962. In the alternative, the Complaint seeks to have this Court determine that their drug Krebiozen has the status of a new drug for which new drug applications became effective on June 15, 1954 with respect to New Drug Application No. 9368 and on June 12, 1961 with respect to New Drug Application No. 12–823.

2. The defendants answered the Complaint and alleged that Krebiozen has always been a new drug within the meaning of the Act, that the grandfather clause is not applicable, that no New Drug Application has been approved or became effective, and that Krebiozen cannot be introduced into interstate commerce until the new drug provisions of the Act have been satisfied.

3. Labeling and other promotional material establish that Krebiozen is a drug intended to be used in the management and treatment of malignant tumors.

4. Both parties have filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

5. The defendants submitted the affidavits of two medical experts: Jesse L. Steinfeld, M.D., Surgeon General of the United States and Deputy Assistant Secretary for Health and Scientific Affairs, Department of Health, Education and Welfare; and Carl G. Baker, M.D., Director of the National Cancer Institute, National Institutes of Health.

6. The affidavits of Dr. Steinfeld and Dr. Baker establish that there is no general recognition, among experts qualified by scientific training and experience to evaluate the safety and effectiveness of drugs, that Krebiozen is now or has ever been safe or effective for the management or treatment of malignant tumors.

7. The affidavits and other evidence submitted by plaintiffs do not controvert the affidavits of Dr. Steinfeld and Dr. Baker.

8. The defendants also submitted the affidavit of Marion J. Finkel, M.D., Deputy Director, Bureau of Drugs, Food and Drug Administration, United States Department of Health, Education and Welfare. Dr. Finkel's affidavit establishes that the Food and Drug Administration has never approved a New Drug Application for Krebiozen; that the new drug applications for Krebiozen submitted to the Agency on April 15, 1954 (New Drug Application No. 9368) and April 13, 1961 (New Drug Application No. 12–823) were not accepted for filing because they were incomplete and inadequate; and that the applicants were notified of this decision within sixty days after each New Drug Application was received by the Agency.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and subject matter.

2. Krebiozen is now and has always been a new drug within the meaning of the statutory definition.

3. Krebiozen is not protected by the grandfather clause, section 107(c) (4) of the Drug Amendments of 1962.

4. No approved New Drug Application is now or has ever been effective with respect to Krebiozen.

5. Krebiozen cannot be introduced or delivered for introduction into interstate commerce until a New Drug Application filed pursuant to Title 21 United States Code, Section 355(b) is approved and made effective.

6. There are no genuine issues of material fact precluding judgment, and the Government is entitled to judgment as a matter of law.

7. The Government's motion for summary judgment is granted, and the summary judgment motion of plaintiffs is denied.

Let judgment be entered accordingly.